HLD-020 (October 2010)                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3973
_____

IN RE:  JACK JARVIS BRYAN, Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to 1-08-cr-00031-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 29, 2010
Before:  MCKEE, Chief Judge, ALDISERT and WEIS, Circuit Judges
(Opinion filed March 8, 2011)
_____

OPINION
_____

PER CURIAM.

Petitioner Jack Jarvis Bryan seeks a writ of mandamus directing the District

Court to proceed with its adjudication of his 28 U.S.C. § 2255 motion.  We will deny the

petition.

Bryan is currently serving a 60-month sentence for conspiracy to commit

bank fraud, and he filed a motion on August 5, 2010 to vacate, set aside or correct his

sentence.  The District Court entered an order on August 10, 2010 requiring the

Government to file a response no later than August 31, 2010, and the Government filed a

response on the latter date—apparently without proper service.

Although the relief Bryan seeks in his petition for a writ of mandamus is not entirely clear, he requests at a minimum that we direct the District Court to proceed with his motion because, he initially alleged, the Government failed to file a response.[1]

A writ of mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking mandamus must demonstrate that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 130 S.Ct. 705, 710 (2010) (per curiam) (internal quotation marks and citation omitted).

Because Bryan's allegation that the Government failed to file a response is factually incorrect, he cannot demonstrate a clear right to issuance of the writ or that the writ is appropriate under these circumstances. We will therefore deny the petition. Bryan's motion seeking leave to amend his petition is denied.

---

[1] In Bryan's motion seeking leave to amend his petition, he concedes that the Government did in fact file an answer to his motion on August 31. Bryan additionally contends in that motion that the Government's response contained a lie. To the extent, if any, that Bryan sought some type of relief on the based on this contention, it is denied.